IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,814-01






EX PARTE RUSSELL VERNON FREEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR00651-HC-1 IN THE 102ND JUDICIAL DISTRICT COURT


FROM RED RIVER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to deadly conduct
and originally received two years' deferred adjudication community supervision. His guilt was later
adjudicated, and he was sentenced to ten years' imprisonment. His appeal was dismissed for want
of jurisdiction. Freeman v. State, No. 06-08-00210-CR (Tex. App. - Texarkana, October 22, 2008).

 Applicant contends that his counsel at adjudication rendered ineffective assistance because
counsel failed to visit or consult with him, failed to interview witnesses, and failed to call a witness
who was in court on the date of Applicant's adjudication hearing, and who would have testified
favorably for the defense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's adjudication counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether adjudication counsel consulted with
Applicant prior to the adjudication hearing, whether Applicant informed counsel of the fact that he
had witnesses who were willing to testify on his behalf, and whether counsel interviewed those
witnesses. If adjudication counsel was aware of the existence of the witnesses, the trial court shall
make findings as to whether those witnesses were called to testify at the adjudication hearing, and
if not, why not. The trial court shall make findings of fact as to what evidence was presented by the
defense at the adjudication hearing. The trial court shall make findings as to whether the
performance of Applicant's adjudication attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 29, 2009

Do not publish